In the Matter of HYMAN BORKO, Individually and as a Parent and Natural Guardian of BENNETT P. BORKO, an Infant, et al., Appellants, v. ALFRED A. GIORDANO et al., Constituting the Board of Education of the City of New York, Respondents.— In a proceeding pursuant to CPLR article 78 to annul

respondents' determination designating Public School 170, Queens, as a feeder school for Intermediate School 8 and for related injunctive relief, petitioners appeal from a judgment of the Supreme Court, Queens County, dated August 29, 1967, which granted respondents' motion, made before answer, to dismiss the petition for insufficiency on its face. Judgment reversed, on the law, without costs, and motion denied with leave to respondents to answer the petition within 10 days after service of a copy of the order entered hereon, with notice of entry. No questions of fact have been considered. Respondents may lawfully and properly consider the alleviation of racial imbalance as one of the factors and criteria for the rezoning of school districts (cf. *Matter of Balaban* v. *Rubin*, 20 A D 2d 438, affd. 14 N Y 2d 193, cert. den. 379 U. S. 881; *Matter of Strippoli* v. *Bickal*, 21 A D 2d 365, affd. 16 N Y 2d 652; *Matter of Addabbo* v. *Donovan*, 43 Misc 2d 621, affd. 22 A D 2d 383, affd. 16 N Y 2d 619, cert. den. 382 U. S. 905; *Offerman* v. *Nitkowski*, 378 F. 2d 22). In our opinion, however, a determination of whether the rezoning at bar was or was not arbitrary and unreasonable cannot be made until an answer has been interposed and all the factors and criteria considered by respondents as a basis for this rezoning have been put into the record. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.